Opinion by
Mr. Justice Pringle.
*30 Case No. 20189 and case No. 20278 came to this court on two separate writs of error, but because the two cases were in reality one in the trial court we have consolidated them here.
In No. 20189, Fidelity and Deposit Company of Maryland, hereinafter referred to as Fidelity, obtained a judgment against Rose F. May. Rose F. May was adjudged a bankrupt after the suit was begun and before judgment was entered against her. Fidelity petitioned the bankruptcy court for permission to proceed in the state court and agreed to limit execution on any judgment it might obtain to a homestead claimed by Rose F. May. Permission to proceed was granted. Thereafter, the property upon which Rose F. May claimed a homestead was sold at a Public Trustee’s sale upon foreclosure of a first trust deed and title to the property passed into other hands.
At the time of oral argument with all parties present, Fidelity advised this Court that as a result of the foreclosure sale and the subsequent vesting of title in other parties and because of its agreement in the federal court to limit execution on any judgment it might obtain against Rose F. May to the homestead exemption claimed by her, it no longer has any means of enforcing its judgment and will not attempt to do so.
We accept Fidelity’s statement as a stipulation that its judgment is unenforcible and is not a lien against any property of Rose F. May. We agree with Fidelity’s position that under such circumstances the case is moot and we therefore dismiss the writ of error in 20189 with the express direction that the provisions of Fidelity’s aforesaid stipulation to this court shall apply to the judgment which Fidelity holds against Rose F. May in 20189 in this court.
In case No. 20278, Fidelity was unsuccessful in its attempt to recover judgment in the trial court against Ruel F. May, the husband of Rose F. May, upon the same claim asserted against Rose F. May. Fidelity brought *31 writ of error here but stated in open court that in the event No. 20189 is dismissed it does not wish to pursue its writ of error in No. 20278. Accordingly, the writ of error in No. 20278 is also dismissed.
Mr. Chief Justice Frantz and Mr. Justice Hall concur.